Filed 5/27/22  P. v. Delacruz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MICHAEL ARTHUR DELACRUZ, Defendant and Appellant. | F082771 (Super. Ct. No. F19907651) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Devon Stein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Smith, J. and Meehan, J.

Defendant Arthur Delacruz seeks remand for resentencing pursuant to recently enacted legislation, specifically Assembly Bill No. 518 (2021-2022 Reg. Sess.; Stats. 2021, ch. 441) (Assembly Bill No. 518). The People agree the matter must be remanded for resentencing. We agree with the parties, vacate the sentence, and remand the matter for resentencing. The judgment is otherwise affirmed.

## FACTS AND PROCEEDURAL HISTORY

A sheriff's deputy initiated a traffic stop on a Mercedes without a rear license plate, but the car sped away. The deputy pursued the Mercedes, which, at one point, sped the wrong way down a one-way street. The pursuit continued for almost three miles and lasted about two minutes. It ended when the Mercedes collided with a Ford. Delacruz was arrested as the driver of the Mercedes. The driver of the Ford was taken to the hospital, where it was determined he had a fractured sternum.

Delacruz was convicted by a jury of three felonies: evading an officer causing injury (count 1); driving the wrong way while evading a peace officer (count 2); and evading an officer with willful disregard (count 3). (Veh. Code, §§ 2800.3, subd. (a), 2800.4, 2800.2, subd. (a).) The jury also found true an enhancement attached to count 1, to the effect that, in committing the offense charged in count 1, Delacruz personally inflicted serious bodily injury. (Pen. Code,[1] § 969f.) In a bifurcated proceeding, the trial court found Delacruz had suffered a strike prior, a serious felony prior, and two prison priors (the prison priors were dismissed). (§§ 667, subds. (b)-(i), 667, subd. (a)(1), 667.5, subd. (b).)

On count 1, Delacruz was sentenced to 15 years (the middle term of five years, doubled on account of his strike prior, with an additional five years for his serious felony prior). Delacruz was sentenced to concurrent terms of four years on each of counts 2 and 3 (the middle term of two years, doubled on account of his prior strike).

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

**I.     Remand for Resentencing is Required**

Delacruz was convicted of three offenses based on his speeding away from, and evasion of, a sheriff's deputy.  Delacruz argues:  "All three convictions were based on the same course of conduct and as such, the court erred when it failed to stay … two of the sentences under Penal Code section 654."  He contends:  "Further, in light of amendments to section 654 by Assembly Bill No. 518, remand is required for the trial court to decide which counts to stay and which to impose."  The People do not oppose Delacruz's arguments and agree that remand for resentencing is required for the court to apply section 654, as amended by Assembly Bill No. 518.  We see no reason to disagree with the parties.  Accordingly, we vacate Delacruz's sentence and remand the matter for resentencing.  At resentencing, the trial court shall exercise its discretion under section 654, as amended by Assembly Bill No. 518, to stay the sentences on any two of the counts of conviction.

## DISPOSITION

Delacruz's sentence is vacated, and the matter remanded for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.